**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. CIV 05-1119-PHX-DGC |
| Steven and Joanne Rogers, | No. BK 99-104519-PHX-RTB |
| Debtor, | Adv. Nos. 2:04-ap-099 and 2:99-ap-868 (consolidated proceedings) |
| National Dealer Financial Services, LLC., | |
| Appellant, | **ORDER** |
| v. | |
| Steven and Joanne Rogers, | |
| Appellee. | |

National Dealer Financial Services ("NDFS") appeals from the Bankruptcy Court's denial of its summary judgment motion and grant of summary judgment in favor of the Internal Revenue Service ("IRS") in the amount of approximately $36,295. Doc. #2. For the reasons stated below, the Court will affirm the decision of the Bankruptcy Court.

**Background**

On November 10, 1995, Steven Rogers and Joanne Kliensmith purchased real property in Scottsdale, Arizona, as joint tenants. Prior to the purchase of the property the IRS had assessed certain unpaid tax obligations against Rogers for tax years 1986, 1987, 1989, 1991,1992, 1994, and 1995. Doc. #2. On November 20, 1996, Rogers executed a

1  guarantee to NDFS for $151,900 in satisfaction of a business debt. On August 9, 2000, the
2  Scottsdale property was sold. In dispute are the respective rights of NDFS and the IRS to
3  excess proceeds from the sale.

4  A federal tax lien attaches to a taxpayer's property when unpaid taxes are assessed.
5  *W. Nat'l Bank v. United States*, 8 F.3d 253, 256 (5th Cir. 1993). In general, a tax lien "does
6  not require a filing of public notice, and once created, the tax lien is effective as against the
7  taxpayer" until paid. *TKB Int'l, Inc. v. United States.*, 995 F.2d 1460, 1463 (9th Cir. 1993).
8  Both parties agree that the IRS had assessed income tax liabilities before 1996 well in
9  excess of the $36,295 at issue. Doc. #2. NDFS asserts, however, that the 1996 guarantee
10 given to NDFS by Rogers is protected from, and has priority over, the IRS's tax liens
11 pursuant to NDFS's "holder of a security interest" status under 26 U.S.C. § 6323(a).

12 Section 6323 operates to protect holders of perfected security interests from unfiled
13 tax liens. *See Rice Inv. Co. v. United States*, 625 F.2d 565, 568 (5th Cir. 1980). Section 6323(f)
14 provides that notice of the taxing authority's lien "shall be filed" in the public records
15 before the lien is effective against the holder of a security interest. 26 U.S.C. § 6323(f).
16 Here, the IRS did not file its first tax lien notice until March 22, 1999. Doc. #2.

17 Bankruptcy Judge Baum granted the IRS's motion for summary judgment. Judge
18 Baum held that NDFS's lien was not "summarily enforceable," as required for priority,
19 because (1) the lien did not comply with state law requirements, (2) Roger's lien purported
20 to transfer the entire property interest to NDFS without the consent of the other co-tenant,
21 and (3) NDFS was a sophisticated lender and the application of equitable principles would
22 be inappropriate under the facts. Doc. #3. Judge Baum also expressed "serious concern"
23 as to whether NDFS's lien even qualifies as a "security interest" as defined by § 6323(h).
24 *Id.*

25
26
27
28

- 2 -

**Discussion**

**I. Standard of Review.**

"In reviewing the decision of a bankruptcy court, the district court acts as an appellate court and is authorized to affirm, modify or reverse a bankruptcy court's order, or to remand to the bankruptcy court. The standard of review differs for questions of law and questions of fact. The bankruptcy court's conclusions of law are reviewed *de novo.* The bankruptcy court's findings of facts should not be set aside unless they are clearly erroneous." *In re Diversified Contract Servs. Inc.*, 158 B.R. 169, 171 (N.D. Cal. 1993) (citing Federal Rule of Bankruptcy Procedure 8013 and *In re Alcala,* 918 F.2d 99, 103 (9th Cir.1990)). "A finding is clearly erroneous only if 'based on the entire evidence,' a court 'is left with a definite and firm conviction that a mistake has been committed.'" *Id.* (citing *Anderson v. Bessemer City,* 470 U.S. 564, 565 (1985)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *In re Smith,* 242 B.R. 694, 700 (9th Cir. 1999).

**II. Analysis.**

Priority for purposes of federal law is governed by the common law principle that "first in time is the first in right." *United States v. City of New Britain,* 347 U.S. 81, 85 (1954). The first in time, first in right principle requires that the state lien be both choate and summarily enforceable. *See Monica Fuel v. I.R.S.*, 56 F.3d 508, 512-13 (3rd Cir. 1994). *See also In re Terwillinger's Catering Plus, Inc.,* 911 F.2d 1168, 1176 (6th Cir. 1990) (state lien holder must show that he or she had the right to enforce the lien prior to the attachment of the federal lien); *Monica Fuel,* 56 F.3d at 512 (in addition to satisfying the *New Britain* test, state liens must also be summarily enforceable to prime a competing federal lien); *United States v. Utah State Tax Comm'n,* 642 F.Supp 8,10 (D. Utah, 1983) (non-federal lien must be summarily enforceable and not have conditions that affect its viability). To be summarily enforceable, the lien must be enforceable without a judicial proceeding. *Id.*

- 3 -

1   Here, NDFS's lien was not summarily enforceable.

2   First, Rogers placed a security lien on the entire property without the consent of
3   Kliensmith, the co-tenant. In Arizona, the undivided interest of a joint tenant may be made
4   subject to a lien without the consent of the co-tenant, A.R.S. §33-701(A), but the entire
5   estate cannot be subjected to the lien unless the co-tenant agrees. *See Cooley v. Veiling*,
6   505 P.2d 1381 (Ariz. 1973). Kliensmith never consented to the NDFS lien. Doc. #3, Doc.
7   #46, ¶ 12. She "would not agree to NDFS's demands [and refused to] sign any additional
8   agreements." *Id.* Therefore, the bankruptcy court was correct in finding that NDFS's lien
9   was unenforceable because Rogers could not convey more interest than he owned.

10   Second, "[a] mortgage may be created, renewed or extended only by a writing
11   executed with the formalities required of a grant of real property." A.R.S. §33-701(B).
12   NDFS's lien failed to comply with A.R.S. § 33-701. No deed of trust was given to NDFS as
13   security for the debt; there was no transfer of property to secure the debt against
14   subsequent creditors. Doc. #3.

15   NDFS argues that even although it failed to comply with the legal formalities, it
16   "intended to . . . create a mortgage/consensual lien, [and only] through inadvertence [failed
17   to] technically achieve [its] purpose . . . . [Therefore,] equity must come to [its] rescue by
18   imposing an equitable lien" upon the property. Doc. # 2. NDFS reasons that if it is granted
19   a lien in equity, then the formal obligations under state law are relieved. Doc. #2. Based
20   on the facts, however, the Court does not find that the bankruptcy court erred in holding
21   that NDFS was not entitled to an equitable lien.

22   Equitable liens arise "[w]here property of one person can by a proceeding in equity
23   be reached by another as security for a claim on the ground that otherwise the former
24   would be unjustly enriched." Restatement of Law on Restitution § 161 (quoting *Byers v.*
25   *Wik*, 818 P.2d 200, 209 (Ariz. App. 1991)). A court may consider the sophistication of the
26   parties when deciding if the principle of equitable mortgages applies. *Shelton v.*
27   *Cunningham*, 508 P.2d 55, 58 (Ariz. 1973). NDFS, by its own admission, was in the

28
- 4 -

1  business of "providing financing to automobile dealers for the purpose of financing their
2  inventory of approved Vehicles." Bnkr. Doc. #48, Stipulated Statement of Facts, Ex. B
3  (Terms and Conditions of Master Loan Agreement). Any entity in such a financing
4  business can reasonably be expected to know the formalities for securing a loan. The
5  bankruptcy court did not commit clear error when it found that NDFS was a sophisticated
6  lender not entitled to an equitable lien.

7  NDFS cannot circumvent state laws and gain priority over the IRS tax liens merely
8  by stating its intention to create a valid lien. The Bankruptcy Court did not err in
9  concluding that the NDFS lien was not summarily enforceable and was not entitled to
10 priority status over the IRS liens. Nor did the court err in concluding that NDFS was not
11 entitled to equitable relief.

12 **IT IS ORDERED** that the decision of the bankruptcy court is **affirmed**.

13 **IT IS FURTHER ORDERED** that Appellee's Motion to Strike (in part) Appellant's
14 Reply Brief (Doc. #9) is **denied** as moot.

15 DATED this 9th day of November, 2005.

_David G. Campbell_
David G. Campbell
United States District Judge

- 5 -